■ SHU-JUAN QI et al., Appellants, v MOHAMMED A. RAHMAN, et al., Respondents. [815 NYS2d 124]—In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County

(Weiss, J.), dated March 2, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the cause of action alleging common-law negligence is denied, and that cause of action is reinstated.

The decedent, Yumin Qi (hereinafter the decedent), sustained fatal injuries when he allegedly fell from a ladder while attempting to access the roof of the defendants' two-family house. The decedent was present for the purpose of providing an estimate to the defendants for the cost of repairs to the roof. The subject ladder belonged to the defendants. The plaintiffs commenced the instant action, inter alia, to recover damages for wrongful death. Thereafter, the defendants moved, inter alia, for summary judgment dismissing the cause of action alleging common-law negligence. By order dated March 2, 2005, the Supreme Court, inter alia, granted that branch of the motion. We reverse the order insofar as appealed from.

In support of that branch of their motion which was for summary judgment dismissing the cause of action alleging common-law negligence, the defendants were required to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendants failed to sustain their burden, and we need not consider the sufficiency of the papers submitted in opposition. Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.